Filed 4/29/14  Marriage of Gaasch CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Marriage of RONALD T. and MARGARET M. GAASCH. | H038993 (Monterey County Super. Ct. No. DR50104) |
| RONALD T. GAASCH, Appellant, v. MARGARET M. GAASCH, Respondent. | |

Petitioner Ronald T. Gaasch appeals from the trial court's order modifying the spousal support obligation to his ex-wife, respondent Margaret M. Gaasch, from $5,000 per month to $2,500 per month beginning June 1, 2012, and $1,000 per month beginning July 1, 2013.[1]  Ronald argues the trial court abused its discretion because it imputed additional income to his rental property without evidentiary support and erroneously considered his current wife's income in its calculation of spousal support.  We conclude that Ronald's claims lack support in the record and affirm the order.

---

[1] We will refer to the parties by their given names since they share the same surname.  No disrespect is intended.

## FACTUAL AND PROCEDURAL BACKGROUND

Ronald and Margaret married on February 25, 1989, and separated on April 29, 2009. They have no minor children. A judgment of dissolution was entered on August 23, 2011. At the time of the dissolution, Ronald agreed to pay Margaret $5,000 per month beginning August 2011 until his death, Margaret's remarriage, or until further order of the court. Ronald and Margaret acknowledged that support would be paid until Ronald retired, after which the court would reexamine the issue. Ronald was 64 years of age at the time of the original order and had expressed an intent to retire in the near future. Ronald also agreed to maintain Margaret as the beneficiary for his existing life insurance policy.

Ronald filed an order to show cause on June 1, 2012, seeking modification or termination of the trial court's spousal support order. Attached to his order to show cause was a declaration detailing his change of circumstances. Ronald declared that he was retiring, effective June 22, 2012. He had remarried, and his new wife was also retired. After his retirement, Ronald anticipated his only income would be his social security retirement income of $2,113 a month and an estimated $1,933.84 in retirement from his employer. Ronald estimated that Margaret was earning approximately $2,873 per month based on her share of his retirement benefits and her disability payments.

Ronald also filed an income and expense declaration with the court. In the declaration, Ronald indicated that his rental property income was approximately -$47. The rental property generated around $3,270 per month and had expenses including a $2,433.50 mortgage, a $327 property management fee, an average of $337.38 in gardening expenses, a $25 gate maintenance expense, a $106.08 home insurance expense, and a $87.67 property tax expense. In total, Ronald indicated he had total expenses of approximately $2,333 per month, including a $750 monthly contribution for general living expenses.

2

Margaret opposed Ronald's motion. She filed a responsive declaration on August 9, 2012. In her declaration, Margaret asserted that she was afflicted with multiple sclerosis, a diagnosis she first received in 1995. She was also diagnosed with colitis in 2002. Prior to the entry of the judgment of dissolution, she had been living in Carmel. As a result of her deteriorating health, Margaret had moved to Portland, Oregon, where her sister resided. Margaret asserted she was no longer able to drive, and her mobility had seriously diminished. She contended she could not withdraw from her share of Ronald's retirement plan without substantial taxes and penalties. Margaret estimated her health care costs, including her caregiver, totaled $1,043 per month. Margaret's retrofitted van cost $222 per month and her companion dog cost $719 a month. Margaret declared her expenses were more than her income. She also filed an income and expense declaration with the court, which showed she had disability payments of $1,459 (on average $1,449) and total monthly expenses of $5,728. She claimed she needed to remain as the beneficiary of Ronald's life insurance policy.

Ronald filed another declaration on August 16, 2012. Ronald noted that Margaret's multiple sclerosis diagnosis was known at the time the original judgment of dissolution was entered. He also asserted he was "fairly confident" that Margaret could start to withdraw from her share of his retirement benefits without penalties. Ronald explained that there was an exception that allowed for penalty-free early withdrawals from the retirement fund if an individual was disabled. Ronald also said Margaret did not list the income she would receive from his pension fund pursuant to the Qualified Domestic Relations Order previously filed with the court. Ronald estimated Margaret would receive approximately $1,300 a month from the pension fund. He also asserted his bank records showed that Margaret was receiving $1,544 a month in disability payments, not $1,459 or $1,449. Ronald noted that Margaret had previously stated in court that she wished to remain the beneficiary of his life insurance until the marital dissolution was

3

final.  Now that the dissolution was final, Ronald requested that the court relieve him of this obligation.

The trial court held a hearing on August 24, 2012.  During the hearing, Ronald stated he had reduced the gardener expense on the rental property from around $327 a month to $160 a month.  Ronald estimated that Margaret had approximately $100,000 more in liquid assets than he and reiterated that he believed she could begin withdrawing from her share of his retirement benefits without penalties.  Arguing that the parties' relative income was now substantially similar, Ronald requested the court terminate spousal support and terminate the requirement that he maintain the life insurance policy.

The trial court thereafter ordered that spousal support would be reduced to $2,500 per month until September 1, 2013.  After that time, support would be further reduced to $1,000 per month, and then eventually to $0 per month unless Margaret could show good cause why support should continue.  The trial court also terminated Ronald's obligation to maintain the life insurance policy.  In making this determination, the trial court expressly stated that its decision was based on Ronald's income.

During the hearing, the trial court explained it "believe[d] there is some income that could be obtained from the--additional income from the rental as well," and that it believed some of the expenses on the rental property could be reduced.  The court noted that one expense, the gardening costs, had already been reduced.  The following colloquy ensued between the court and Michael McClure, Ronald's trial attorney:

"MR. McCLURE:  Some of the expenses on the rental can be reduced or some of his expenses, which are only $2600 a month, can be reduced?

"THE COURT:  On the rental.  I see his expenses as being covered, in part, by someone else.

"MR. McCLURE:  You can't consider that, Your Honor.  You can't consider whether or not his income is covered by somebody else.

4

"THE COURT: I'm not imputing--

"MR. McCLURE: But you are saying you are using it under Family Code [s]ection 4323(b). You cannot use his current spouse's income for anything.

"THE COURT: And I'm not. I'm looking at his expenses.

"MR. McCLURE: I'm sorry. I just heard the court say--

"THE COURT: I'm looking at his expenses, what he pays out in his expenses. His expenses may be covered in another way by someone else. But I'm not looking at anyone else's income. I'm looking at what he has written down here as his expenses."

The trial court filed a written findings and order after the hearing on September 27, 2012. The order stated that Ronald was to pay Margaret $2,500 per month in spousal support beginning June 1, 2012, through June 2013. Spousal support would be reduced to $1,000 per month starting July 2013, continuing until June 2015. After June 2015, spousal support would be reduced to $0. The trial court terminated Ronald's obligation to maintain the life insurance policy. Neither party requested a written statement of decision. (Code Civ. Proc., § 632; Fam. Code, § 3654.)

Ronald appealed.

## DISCUSSION

*Standard of Review*

" 'Whether a modification of a spousal support order is warranted depends upon the facts and circumstances of each case, and its propriety rests in the sound discretion of the trial court the exercise of which this court will not disturb unless as a matter of law an abuse of discretion is shown.' [Citation.] An abuse of discretion occurs 'where, considering all the relevant circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances.' " (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7.) "[S]uch an abuse occurs when a court modifies a support order without substantial evidence of a

5

material change of circumstances." (*In re Marriage of McCann* (1996) 41 Cal.App.4th 978, 983.) " 'So long as the court exercised its discretion along legal lines, its decision will not be reversed on appeal if there is substantial evidence to support it.' " (*In re Marriage of Biderman* (1992) 5 Cal.App.4th 409, 412.)

In determining whether substantial evidence supports the order, the appellate court must ascertain whether there is credible evidence, contradicted or uncontradicted, that supports the order. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.) As Margaret notes in her brief, Ronald did not request a statement of decision. He also did not challenge the written order filed by the trial court, which did not contain any factual determinations or legal analysis to explain the court's decision to reduce Ronald's support obligations. However, an absence of a statement of decision does not necessarily bar appellate review of the issues raised if the reporter's transcript adequately sets forth the basis of the trial court's ruling. (*In re Marriage of Powers* (1990) 218 Cal.App.3d 626, 634, fn. 5.) Absent a statement of decision, we presume that the trial court made all factual findings necessary to support the order and determine whether substantial evidence supports these findings. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134.)

We may imply all necessary findings in favor of the prevailing party. (*In re Marriage of Arceneaux*, *supra*, 51 Cal.3d at p. 1133.) In reviewing these findings, we " 'accept as true all evidence tending to establish the correctness of the trial judge's findings, resolving all conflicts in the evidence in favor of the prevailing party and indulging in all legitimate and reasonable inferences to uphold the judgment.' " (*In re Marriage of Stephenson* (1995) 39 Cal.App.4th 71, 82, fn. 5.) To the extent that the trial court's reasoning is unclear from the record, we apply the standard rule that "[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage*

6

*of Arceneaux*, *supra*, at p. 1133.)  We must presume the court performed its duties unless there is a clear showing to the contrary.  (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 494.)

*Additional Income from the Rental Property*

During the hearing on Ronald's order to show cause, the trial court expressly stated that it based its decision to reduce spousal support from $5,000 to $2,500 on Ronald's income.  However, Ronald maintains the trial court made two erroneous findings regarding his income when it stated it believed Ronald might be able to reduce some of the expenses on his rental property and that some of Ronald's expenses may be covered by someone else.

First, Ronald argues that the trial court erred because it imputed additional income to his rental property without evidentiary support.  Ronald premises his argument on the trial court's statement during the hearing that it believed he could "get more income from the residential property."  The court further clarified during the hearing that it was unsure "how much more" Ronald could get, but that it believed that "some of the expenses [for the rental property] could be reduced," specifically pointing to the reduction in the gardening expense Ronald had already made.  Ronald argues that the trial court's statements about his rental property are unsupported in the record.  We disagree.

Under Family Code section 4320, a trial court is required to consider multiple factors when making a spousal support order.  Some of these factors include "[t]he obligations and assets, including the separate property, of each party" (Fam. Code, § 4320, subd. (e)) and "[t]he ability of the supporting party to pay spousal support, taking into account the supporting party's earning capacity, earned and unearned income, assets, and standard of living." (*Id*., subd. (c).)  Therefore, it was not error for the court to consider income from Ronald's rental property when determining the amount of spousal support.

7

Additionally, Ronald has not clearly shown that the trial court's determination was based on an erroneous assumption that he could reduce the expenses related to his rental income. There was evidentiary support in the record for the trial court's inference. As the court expressly noted during the hearing, Ronald had already reduced his gardening expenses from $337 per month to $160 per month. Therefore, it was not unreasonable for the trial court to infer that it was possible that some of the expenses tied to the rental property could be reduced, because Ronald had already reduced some of the expenditures on the rental property by the time of the hearing. Ronald has failed to demonstrate an abuse of discretion on this point.

*Spousal Income*

Next, Ronald claims that the trial court erroneously relied on his new wife's income when deciding the issue of spousal support. We reject his argument, as the record indicates the trial court considered Ronald's share of expenses, not his current spouse's income, when making its determination on spousal support.

A trial court is forbidden from considering a subsequent spouse's income in making determinations regarding spousal support. (Fam. Code, § 4323, subd. (b).) It is also forbidden to consider additional expenses when a spouse remarries. (*In re Marriage of Romero* (2002) 99 Cal.App.4th 1436, 1445.) A trial court may only consider a spouse's part of shared expenses. (*Ibid.*) This is exactly what occurred here.

Ronald claims that the trial court's statements during the hearing indicates that it considered his new wife's income, because the court said that it saw Ronald's expenses "as being covered, in part, by someone else." Ronald fails to read this statement in context. As previously noted, Ronald's attorney informed the court that it could not consider a current spouse's income when making a determination to modify a spousal support obligation. The court expressly responded that it was *not* considering any of the new spouse's income and was simply looking at what Ronald had written down as his

8

expenses. Indeed, Ronald listed $750 as his monthly general contribution in his filed declaration of income and expenses. Ronald did not list any expenses related to his home such as rent, mortgage, property taxes, homeowner's insurance, or repairs. He also did not list any expenses related to laundry, cleaning, or clothes.

Given the trial court's statements during the hearing, we cannot conclude it erroneously relied on the income of Ronald's new spouse in making its spousal support determination. Furthermore, it seems apparent from the transcript of the hearing that the trial court merely considered Ronald's share of expenses--a factor that it is entitled to consider. (*In re Marriage of Romero*, *supra*, 99 Cal.App.4th at p. 1445.) As we must presume the court performed its duties unless there is a clear showing to the contrary, Ronald's contention fails as he has not sufficiently demonstrated error. (*In re Marriage of Smith*, *supra*, 225 Cal.App.3d at p. 494.)

## DISPOSITION

The order is affirmed. Margaret is entitled to her costs on appeal.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.

9