[Civ. No. 28613. Fourth Dist., Div. One. May 23, 1984.]

In re the Marriage of ADELINE CLAUDIA and CORNELIUS
CHAPMAN SCOTT III.
ADELINE CLAUDIA SCOTT, Respondent, v.
CORNELIUS CHAPMAN SCOTT III, Appellant.

## COUNSEL

Knoll, Corr & Pfeifer and John Knoll for Appellant.

Daubney & Banche and William Henry Daubney for Respondent.

## OPINION

**WORK, J.**—Cornelius Chapman Scott III appeals a postjudgment order that he make monthly payments to his ex-wife equal to her present community interest in his vested and matured military pension even though he chooses to remain on active duty. In addition, the trial court modified and retained jurisdiction over spousal support and ordered Cornelius to advise it of any changes in his retirement entitlement to allow for future adjustments in his ex-wife's entitlement. ▮ We hold an ex-spouse having a community interest in a matured military retirement may not be deprived of present use of that property because the serviceperson finds it in his or her interest to remain on active duty. We affirm.

### BACKGROUND

Cornelius has a vested, mature interest in a military pension. Although presently eligible to receive pension benefits should he retire, he voluntarily remains in active service. At the time the marriage was legally dissolved, Cornelius' retirement rights had matured and Adeline's community property interest in the pension was established as 35 percent of the pension's worth, computed on 20 years service. After the retirement rights matured, Adeline exercised her option and elected to receive her community share of the pension before Cornelius retires. The trial court calculated the dollar value of Adeline's community share were Cornelius to retire the date of its order and ordered monthly payments to her.[1] Cornelius claims federal law prohibits division of his military retirement pay while he remains on active duty, but if division is permitted, it should be calculated on the "net" retirement pay he would receive, not the "gross."

### DISCUSSION

We find this case controlled by the rule stated in *In re Marriage of Gillmore* (1981) 29 Cal.3d 418, 428 [174 Cal.Rptr. 493, 629 P.2d 1]. There,

---

[1]Cornelius suggests there is a mathematical error to his detriment of approximately $35 per month. Adeline does not respond to this contention and the record does not show the income factors used in the trial court's computations. We assume any mathematical inaccuracy is clerical and may be corrected by the trial court if brought to its attention.

the Supreme Court held a nonemployee former spouse may irrevocably elect to receive the present value of a community share in a vested, mature interest in a pension, or to delay payment until payments are made to the spouse under the pension plan.

Cornelius distinguishes *Gillmore* as not involving a military pension, contending the Federal Uniformed Services Former Spouses Protection Act (FUSFSPA), 10 United States Code section 1408, precludes distributing any interest in military pension benefits until he actually retires. However, FUSFSPA expresses only a general congressional intent that military pensions be treated similarly to other pensions under applicable state community property law.

Even if a present division is permitted, Cornelius contends FUSFSPA allows distribution of a community interest only in "disposable retired or retainer pay," which it defines as the net he would receive after certain specified deductions.[2] Because a trial court cannot know the actual deductions, or their dollar amounts, on future retirement pay, Cornelius claims any preretirement division is factually impossible. He identifies only his state and federal income tax withholding as properly excluded from his "disposable pay" but suggests there may be other proper deductions. However, the payments to Adeline must be included in her gross income subjecting them to income tax liability, and freeing Cornelius of any tax liability on the share of benefits remitted to her. (See Tax Aspects of Marital Dissolutions: A Basic Guide for General Practitioners (Cont.Ed.Bar 1979) § 4.12, p. 87.) Thus, these raise no legal or equitable barrier to applying *Gillmore's* rationale to Cornelius' matured military retirement benefits.

■ Cornelius expresses concern the portion of the order retaining jurisdiction and requiring him to inform the trial court of changes in his pension rights reflects its intent to award Adeline an interest in that portion of any value increase in his pension rights attributable to his continued service. However, the order only expresses the trial court's retained discretion to adjust continuing spousal support to reflect changed circumstances. (*In re Marriage of Gillmore, supra,* 29 Cal.3d 418, 427.) In any event, we stress Adeline has irrevocably elected to take her share of the pension now, and must forego any appreciation in the pension's value resulting from Cornelius' continued service. (*Id.,* at p. 428, fn. 9.) She is, however, entitled to

---

[2] These deductions are listed in 10 United States Code section 1408(a)(4)(A)-(F). None, except income tax withholding appear relevant were Cornelius to retire now. He cites withholdings for an annuity under a survivor benefit plan, ignoring the statutory language limiting this deduction to annuities in favor of the ex-spouse to whom community proceeds are being paid. He does not claim to be contributing to an annuity for Adeline, nor does he express any desire to do so in the future.

share in any increase in benefits which would have been received had Cornelius actually retired on the date she elected to receive her interest, such as automatic cost-of-living adjustments. Likewise, the value of her interest will decrease proportionally in the unlikely event Congress adjusts its benefits downward. Where periodic increases in retirement benefits are based on both types of factors, simple arithmetical procedures will determine how they are to be divided.

 Lastly, we reject Cornelius' argument that it was an abuse of discretion for the trial court not to have deferred division of the community interest until he retired and not to have exercised its option to adjust spousal support to "accomplish a fair result." The plain fact is, the trial court does not have that option, the choice is with the nonemployee former spouse who owns the property. The trial court is limited to determining the most equitable method of present division; neither it nor the employed spouse may defeat Adeline's property rights.

Order affirmed.

Staniforth, Acting P. J., and Wiener, J., concurred.