[No. B052240. Second Dist., Div. Three. May 23, 1991.]

In re the Marriage of GERALDINE A. and PERRY A. NICE.
GERALDINE A. NICE, Respondent, v.
PERRY A. NICE, Respondent;
BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS
ANGELES, Appellant.

COUNSEL

James K. Hahn, City Attorney, Siegfried O. Hillmer, Assistant City Attorney, and Eudon Ferrell, Deputy City Attorney, for Appellant.

John Wendell Hall for Respondent Wife.

Richard T. Smith for Respondent Husband.

OPINION

HINZ, J.—

### INTRODUCTION

In this case, a pension plan challenges a judgment of dissolution on two grounds. Reversing the trial court's order that the pension plan make payments to the nonemployee former spouse, we hold that the husband, the pension plan member who wishes to continue working even though he is eligible to retire, must himself compensate his former wife for her portion of community contributions to the pension plan. We further hold that even though the pension plan does not provide "survivor benefits" to a nonemployee former wife, the judgment of dissolution must nevertheless compensate her fully for all contributions to the husband's retirement plan, and remand for reconsideration of that issue.

At a March 6, 1990, hearing, petitioner and respondent in a marital dissolution proceeding argued before the court as to the division of current pension benefits and survivorship rights due to the community because of the husband's employment with the Los Angeles city fire department. On March 26, 1990, the Los Angeles County Superior Court filed a judgment dissolving the marriage of Geraldine A. Nice (Geraldine), petitioner, and Perry A. Nice (Perry), respondent. Among other items, the judgment awarded Geraldine and Perry, as their sole and separate property, "an

undivided one half interest in the pension plan administered by the City of Los Angeles Board of Pension Commissioners under the terms set forth" elsewhere in the judgment.

As to the division of the community property interest in Perry's pension plan administered by appellant City of Los Angeles Board of Pension Commissioners (the Board), the judgment reflected several findings concerning "division of current benefits." First, the pension plan was entirely community property. Second, Geraldine was entitled to an undivided one-half interest in the pension plan. Third, having completed 25 years of service, Perry was presently eligible to retire. He would be entitled to a pension benefit of $2,176.18 should he elect to retire, of which Geraldine is entitled to half, $1,088.09. Fourth, Perry elected not to retire, but Geraldine elected to commence receiving benefits.

Pursuant to Civil Code section 4800.8 and *In re Marriage of Gillmore* (1981) 29 Cal.3d 418 [174 Cal.Rptr. 493, 629 P.2d 1], the judgment stated that the Board may be ordered to commence paying Geraldine her community property share of pension benefits now owing and her distributive share of any survivor benefits that may become due under the plan. The judgment ordered the Board, 30 days after service of the order, to commence paying Geraldine $1,088.09 per month and to continue making payments until the death of Geraldine or of Perry, whichever occurs first, and to pay Geraldine her community property share of all cost-of-living adjustments due retired members under the plan.

Geraldine would not be entitled, however, to any pro rata share of benefit increases resulting from Perry's continued service after the date of the judgment. Those benefits would be Perry's sole, separate property, as would all other benefits due under the plan. The judgment ordered Perry to guarantee payment to Geraldine of all monthly benefits ordered under the judgment. If Perry has to pay any benefits later determined to be owed by the Board, he shall have a right of reimbursement against the Board. The court reserved jurisdiction over division of the pension plan to make further orders to interpret and enforce the judgment.

Although it received notice, the Board did not appear at the March 6, 1990, hearing. On April 27, 1990, the Board moved to set aside or modify the judgment. Geraldine and Perry opposed the motion. The record on appeal does not contain the ruling, but the parties on appeal agree that the trial court denied the motion. The Board filed a notice of appeal June 8, 1990.

## ISSUES

The Board claims on appeal that a trial court in a marital dissolution cannot order a government pension plan:

1. To pay pension benefits to a plan member's former spouse before the member retires; or

2. To pay survivor benefits to a former spouse of a plan member where the plan provides neither a survivor benefit for a former spouse nor any other benefit payable upon or after the death of the member spouse.

## DISCUSSION

### 1. *Payment of Pension Benefits Before Member Retires*

■ The Board claims on appeal that a pension system cannot be compelled to pay benefits before a member actually retires, citing *In re Marriage of Gillmore, supra,* 29 Cal.3d 418. It argues that a pension system could not be forced to pay pension benefits to a nonemployee spouse prematurely, thereby destroying the employee spouse's future pension rights. The Board further contends that the employee can be required to compensate the nonemployee spouse in an amount equal to the pension share.

In *Gillmore,* a husband and wife dissolved their 14-year marriage. The wife had a community property interest in the monthly benefit the husband would receive when he became eligible to retire, less than four months after the dissolution. He was in his early 50's, intended to continue working, and was not required to retire until age 70. The trial court delayed distribution of benefits until the husband actually retired. (29 Cal.3d at pp. 421-422.)

*Gillmore,* however, reversed the trial court's denial of the wife's request for immediate distribution of her share of the husband's retirement benefit. The trial court's ruling had erroneously permitted the husband, by retaining control over the timing of his retirement, to retain control over a community property asset, part of which belonged to the wife. The trial court could order the immediate payment of a share of a husband's vested, matured pension benefit to his wife where the husband was eligible to retire but had not yet done so. (29 Cal.3d at pp. 423-425.)

Therefore *Gillmore* remanded to the trial court for immediate distribution to the wife of her vested, mature retirement benefit, whose value the trial court had already determined. If the husband continued employment, he had to reimburse his wife for the share of community property that she lost as a

result of his decision. The trial court had jurisdiction to order him to make that reimbursement from his separate property, although that was only one of several ways the husband could compensate the wife. (29 Cal.3d at pp. 427-429.)

In the case at bench, the judgment acknowledged *Gillmore*. But the trial court ordered the pension plan, not the employed spouse, to compensate the former spouse; it required the Board, not Perry, to compensate Geraldine. The issue on appeal is not whether, how much, or even how soon Geraldine will be paid her community property interest in the monthly retirement benefit. The issue is who will pay it.[1]

*Gillmore* stated: "In the past, this court has encouraged trial courts, if feasible, to award all pension rights to an employee spouse, compensating the nonemployee spouse with other community property of equal value. [Citations.]" (29 Cal.3d at p. 428.) Such an award was not possible in *Gillmore* because the community property had already been distributed when the retirement benefits were to be divided. That does not appear to be a problem in the case at bench, as retirement benefits have already vested and were part of the division and distribution of community property as reflected in the judgment of dissolution.

*Gillmore* makes two points clear. First, "if the nonemployee spouse chooses to receive immediate payments, . . . he or she has a right to do so." (29 Cal.3d at p. 428.) Second, *Gillmore* speaks of "various ways" the employee spouse can compensate the nonemployee spouse. The husband in *Gillmore* could "buy out" the nonemployee wife's share of the retirement benefits, paying her the present value of her share of the pension plan. Or the husband could pay her a share of the retirement payments on a monthly basis. (*Id.*, at pp. 428-429.)[2]

---

[1] A few subsidiary issues are quickly disposed of. Although the record on appeal does not reflect its joinder, the Board concedes it was properly joined. Nor does the Board's failure to appear at the dissolution hearing affect this appeal. Civil Code section 4363.2, subdivision (d) permits an employee benefit pension plan not to appear at any hearing in any proceeding in which it has been joined. Even if it has notice and does not appear, subdivision (d) further authorizes the plan to move to set aside or modify provisions of any order that affects any interest a petitioner or respondent may have or claim under the plan. (See, e.g., *In re Marriage of Carnall* (1989) 216 Cal.App.3d 1010, 1016 [265 Cal.Rptr. 271].) Finally, ERISA (Employee Retirement Income Security Act) does not govern the Board, a governmental plan. (*In re Marriage of Baker* (1988) 204 Cal.App.3d 206, 217 [251 Cal.Rptr. 126]; 29 U.S.C. § 1003 (b).)

[2] *In re Marriage of Shattuck* (1982) 134 Cal.App.3d 683, 686-687 [184 Cal.Rptr. 698], although calling *Gillmore* "the latest and leading case on the subject," nevertheless cast its conclusion into doubt. Clearly preferring the alternative that the employee husband who continues to work must pay the nonemployee wife an amount equivalent to her interest, *Shattuck* stated that *Gillmore* "did *not* create a fiction that [the employee spouse] be deemed

*Gillmore*, however, nowhere requires the pension plan to pay instead of the employee spouse. Instead, *Gillmore*'s sketch of the possibilities seems to make clear that the employee spouse—not the pension plan—must compensate the nonemployee spouse. The trial court retains discretion over the exact method of distribution. That discretion, however, does not appear to include shifting the responsibility for compensating the nonemployee spouse to a third party. While continuing employment, the employee spouse retains responsibility for compensating the nonemployee spouse whose community property interest has been impaired by the employee spouse's decision to continue employment. (29 Cal.3d at pp. 422-423, 428-429.)

". . . [T]he employer is entitled to certainty concerning its obligations under its retirement program and must not be required to do more than is required by its contract with the employee spouse . . . ." (*In re Marriage of Becker* (1984) 161 Cal.App.3d 65, 73 [207 Cal.Rptr. 392].) In the case at bench, the trial court's order required the pension plan to pay benefits earlier than it would otherwise have had to do so, and to pay benefits while the employee spouse was still working, something it was not contractually obligated to do.

The case therefore must be remanded to the trial court for further proceedings revising the judgment of dissolution as regards the distribution of community property. As part of those proceedings, the trial court shall also make a finding as to the date the parties separated, and include it in the revised judgment of dissolution.[3]

### 2. *"Survivor" Benefits*

■ The Board argues that the pension plan does not provide "survivor" benefits, after the marriage has dissolved, to a member's former spouse. Although Civil Code section 4800.8 empowers a court to divide pension benefits payable on or after death, the Board argues that where a plan does not provide for payments after death, the statute has no mechanism to order a division of something that does not exist. The Board objects to the judgment's order that it pay "survivor" benefits to Geraldine.

to have received his monthly pension payments, and was therefore bound to pay over to Doris her community property share of them. . . ." (Original italics.) Such a disposition, fictional or otherwise, has nonetheless been approved in *In re Marriage of Scott* (1984) 156 Cal.App.3d 251, 253 [202 Cal.Rptr. 716], *In re Marriage of Jacobson* (1984) 161 Cal.App.3d 465, 468, 475 [207 Cal.Rptr. 512], and *In re Marriage of Castle* (1986) 180 Cal.App.3d 206, 210-211, 217 [225 Cal.Rptr. 382].

[3]Government Code section 21215, subdivision (a) states: "Upon the legal separation or dissolution of marriage of a member, the court shall include in the judgment or a court order the date on which the parties separated."

Civil Code section 4800.8 states in part: "The court shall make whatever orders are necessary or appropriate to assure that each party receives his or her full community property share in any retirement plan, whether public or private, including all survivor and death benefits, including, but not limited to, any of the following: [¶] (a) Order the division of any retirement benefits payable upon or after the death of either party in a manner consistent with Section 4800. [¶] (b) Order a party to elect a survivor benefit annuity or other similar election for the benefit of the other party, as specified by the court, in any case in which a retirement plan provides for such an election."

■ Section 4800.8 reflected the Legislature's intention to abolish both aspects of what had been known as the "terminable interest rule." (Stats. 1986, ch. 686, § 2.) According to that rule, first, a community interest in benefits that accrued during the marriage did not extend to pension benefits payable following the employee spouse's death. (*Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355, 360-361 [33 Cal.Rptr. 257, 384 P.2d 649]; *Bowman* v. *Bowman* (1985) 171 Cal.App.3d 148, 152 [217 Cal.Rptr. 174].) Second, a nonemployee spouse's interest in pension benefits terminated on that person's death, so that the nonemployee spouse could not bequeath benefits by will. (*Waite* v. *Waite* (1972) 6 Cal.3d 461, 473 [99 Cal.Rptr. 325, 492 P.2d 13]; *Bowman* v. *Bowman, supra*, 171 Cal.App.3d 148, 152.)

■ The Board argues that because the pension plan provides no joint survivor election, and no benefits payable upon or after the member spouse dies, section 4800.8 does not authorize an award of a joint survivor option.

*In re Marriage of Taylor* (1987) 189 Cal.App.3d 435 [234 Cal.Rptr. 486] concerned a wife's challenge to an order awarding her 32.71 percent of her former husband's monthly retirement payments "during [their] joint lives . . . ." The statutory public pension plan did not pay survivors' benefits to a member's former spouse, only to a surviving spouse, and did not pay benefits to the former spouse's heirs or devisees. (*Id.*, at p. 439.) Finding that section 4008.8 applied to these provisions, *Taylor* reversed that portion of the trial court's order determining the former spouse's interest in the member's retirement benefits, and remanded for reconsideration of that issue. (*Id.*, at p. 443.)

*In re Marriage of Carnall, supra*, 216 Cal.App.3d 1010, concerned a county employees retirement association's challenge to an order that it designate a nonemployee spouse as the member's "surviving spouse" for purposes of receiving survivor and death benefits under an employee benefit plan. *Carnall* found that the judgment impaired the right of potential third parties with express statutory entitlements. (*Id.*, at pp. 1014, 1023-1024.)

*Carnall* also stated, however, that even though a former spouse would have no right as "surviving spouse" to receive benefits upon the member's death, statutory "surviving spouse" benefits would have been earned by efforts attributable in part to the community of which the former spouse was a member. *Carnall* thus stated that if it divided each future pension payment in a manner to be applied when each payment became due, the trial court would have to fashion an order allocating to the former spouse a prorated share of the survivor and death benefits. (*Id.*, at p. 1025.)

*In re Marriage of Powers* (1990) 218 Cal.App.3d 626 [267 Cal.Rptr. 350] concerned the rights of the estate of a nonmember former spouse in the member's pension plan. The judgment of dissolution reserved the trial court's jurisdiction over any retirement benefits due the parties under the husband's membership in a pension plan. The husband continued employment. Less than five months after the judgment of dissolution, the wife died. A few years later, after having been informed that the wife's estate might claim an interest in his pension, the husband retired. He had by that time remarried. *Powers* concluded that the wife's death did not automatically terminate her interest in the husband's pension plan. Since the Legislature intended to abrogate both parts of the terminable interest rule, section 4800.8 entitled the nonemployee spouse—whether living or dead—to that portion of a member spouse's retirement benefits attributable to community effort. (*Id.*, at pp. 640-641.)

The pension plan in *Powers* also argued that section 4800.8 did not intend to provide benefits for the heirs of a nonemployee spouse which were not available under the retirement plan. *Powers* held, however, that abrogation of the terminable interest rule means that a nonemployee spouse's community property interest is now inheritable. (218 Cal.App.3d at pp. 644-645.)

These decisions and section 4800.8 suggest that as regards pension plan benefits on dissolution of marriage, community property rights have priority over contractual ones. *Powers* and *Taylor* particularly indicate that even if, as the Board claims, the pension plan gives no "survivor benefits" to Geraldine, the trial court must nevertheless compensate her for that portion of the retirement benefit attributable to the community of which she was a member. This does not mean that Geraldine must be awarded "survivor benefits"; though not mandatory, it would be preferable for the court, after hearing actuarial and other relevant evidence, to establish a present cash value.[4] The

---

[4]"Our suggestion in *Phillipson* v. *Board of Administration* [1970] 3 Cal.3d 32, 46 [89 Cal.Rptr. 61, 473 P.2d 765], that when feasible the trial court should award the employee all pension rights and compensate his spouse with other property of equal value, was not intended to tie the hands of the trial court. That court retains the discretion to divide the

goal of such reconsideration is that in dividing community assets, the judgment of dissolution must compensate Geraldine for her share of that portion of Perry's retirement benefit attributable to the community.

## DISPOSITION

We reverse and remand to the trial court for revision of the judgment to comply with Government Code section 21215, subdivision (a); for revision of the judgment of dissolution so that monthly payments to Geraldine are made the responsibility of Perry, not of the Board, while Perry continues employment; for reconsideration of the issue of whether Geraldine has been compensated for all portions of Perry's retirement benefits attributable to the community; and to make such other modification as are required by this opinion. All parties to bear own costs.

Klein, P. J., and Croskey, J., concurred.

The petition of respondent Perry A. Nice for review by the Supreme Court was denied September 19, 1991. Lucas, C. J., Panelli, J., and Baxter, J., were of the opinion that the petition should be granted.

---

community assets in any fashion which complies with the provision of Civil Code section 4800." (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 848, fn. 10 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].)