[No. E010444. Fourth Dist., Div. Two. Nov. 16, 1993.]

In re the Marriage of ELIZABETH ELLEN and JAMES MILTON CRAMER.
ELIZABETH ELLEN CRAMER, Appellant, v.
SAN BERNARDINO COUNTY EMPLOYEES' RETIREMENT
ASSOCIATION, Respondent.

**COUNSEL**

Covington & Crowe, Denise Matthey, Richard Muir and Donald G. Haslam for Appellant.

Alan K. Marks, County Counsel, and Dawn Stafford, Deputy County Counsel, for Respondent.

**OPINION**

**RAMIREZ, P. J.**—Elizabeth Ellen Cramer appeals from the trial court's denial of her motion for an order directing the San Bernardino County

Employees' Retirement Association to pay pension benefits to her following the death of her former husband.

## FACTS

Appellant Elizabeth Ellen Cramer and decedent James Milton Cramer were married in 1959. During the marriage decedent was employed by San Bernardino County in the district attorney's office. Decedent retired as of October 14, 1981. At the time of decedent's retirement, 100 percent of his retirement benefits under the San Bernardino County Employees' Retirement Association (SBCERA) had been earned during the marriage and was community property.

Upon his retirement, decedent elected a retirement option which provided that he was to receive a monthly retirement allowance payable throughout his life, and upon his death 60 percent of that amount was to be continued "to an eligible spouse or minor children." Decedent nominated appellant as his beneficiary on the retirement application, listing appellant as his spouse. The retirement application stated that, except for limited exceptions not relevant here, the election of benefits made at the time of retirement was final.

Decedent and appellant separated in January 1986, and a judgment of dissolution of their marriage was entered on May 16, 1989. On October 31, 1990, the court signed a stipulation which had been entered into by the parties dealing with division of decedent's retirement benefits.

Counsel for appellant had initially sought to have included in the stipulated division of retirement benefits a provision which would have required the plan administrator to recognize appellant as the surviving spouse of decedent following the dissolution. The initial draft stipulation presented to the county counsel for approval included provisions stating that "[Elizabeth Cramer] shall continue to retain the status of a spouse of [James Cramer] for purposes of the Plan," and further stating that "the Plan Administrator is ordered to recognize [Elizabeth Cramer] as a surviving spouse of [James Cramer] for purposes of determining benefits due to [Elizabeth Cramer] upon the death of [James Cramer]."

After reviewing the proposed stipulation the deputy county counsel assigned to the case declined to approve the stipulation and wrote to counsel for appellant that "It appears to me that the only way Mrs. Cramer would be an eligible spouse under [Government Code section 31760.1] is if she and Judge Cramer remarried. . . . I don't think that any order in the dissolution could change this result."

The stipulation finally entered into stated that "[James Cramer] shall designate Elizabeth E. Cramer beneficiary of his death and survivor benefits pursuant to the terms of the Plan." The stipulation further provided that "The parties agree that their mutual intent is to provide the Alternate Payee, Elizabeth Ellen Cramer, with a retirement payment that fairly represents her marital community share of the San Bernardino County Employees Retirement Association benefits; and pursuant to Civil Code section 4800.8, and [*sic*] does not cause SBCERA to pay more in benefits than is provided under the Count[y] Employees[] Retirement Law of 1937. The court shall reserve jurisdiction over the division of the community share of [James Cramer's] survivor and death benefits and agree to request a court of competent jurisdiction to make any modifications or further orders deemed necessary to effect the intent of the parties and meet the requirements of Civil Code section 4800.8, said orders to be entered nunc pro tunc if appropriate."

On April 20, 1991, James Cramer died, never having remarried. On May 29, 1991, a letter was sent to appellant from SBCERA regarding the benefits appellant had been receiving, which stated that "Retirement benefits are paid during the life time of the retired member. Obligation to pay these benefits terminates upon the member's death."

On August 13, 1991, appellant filed an ex parte motion seeking a temporary order, pending a full hearing on the issue, directing SBCERA to pay survivor benefits to appellant for the months following decedent's death. A temporary order directing payment of such benefits was signed by the court on that date.

SBCERA, acting through the San Bernardino County Counsel, filed a motion to vacate the order of August 13, contending that there was no provision of law which would permit the payment to a *former spouse* of survivor benefits which under the statute were payable only to a *surviving spouse*. The matter was fully briefed by both sides and was argued at a hearing on October 23, 1991. At the end of the hearing the court denied appellant's request to continue payment of the survivor benefits to her, and granted the motion of SBCERA to vacate the temporary order issued on August 13, 1991, which had directed the payment of survivor benefits to appellant. The formal order after hearing was signed and filed November 4, 1991, and appellant filed this appeal.

DISCUSSION

I. *Reimbursement of Community Property Contributions*

As the designated beneficiary of decedent under decedent's retirement plan, appellant was entitled to receive any amounts paid into the retirement

plan which exceeded the benefits which had been paid out by the time of decedent's death. (See Gov. Code, § 31760.1, quoted *post* at fn. 1.) That excess would have included appellant's community property contribution.

Here, however, appellant has acquiesced in the court's statement at trial that "[A]pparently the evidence is in this case there was no excess, and, therefore, although [appellant] was designated as beneficiary, there is nothing to be paid under the provisions of [Government Code section 31760.1]." There is therefore no claim by appellant that she is entitled to reimbursement of her community contribution other than in the form of survivor benefits.

## II.  *Survivor Benefits*

██  The only issue raised in this appeal is whether the trial court erred when it denied appellant's motion to enter a permanent order directing SBCERA to pay appellant survivor benefits.

The primary argument offered by appellant is that she fit the definition of a "surviving spouse" under the County Employees Retirement Law of 1937 and that she was therefore entitled to receive survivor's benefits. She argues correctly that she was married to decedent one year before his retirement, as required under Government Code section 31760.1[1] ; that she was designated by decedent as his beneficiary at the time of his retirement; and that she survived decedent.

Appellant then argues, however, that decedent's retirement plan did not specifically require that decedent and his surviving spouse remain married at

---

[1]Government Code section 31760.1 states: "Upon the death of any member after retirement for service or non-service-connected disability from a retirement system established in a county subject to the provisions of Section 31676.1, 60 percent of his retirement allowance, if not modified in accordance with one of the optional settlements specified in this article, shall be continued throughout life to his *surviving spouse* if such spouse is designated as beneficiary. If there be no surviving spouse entitled to an allowance hereunder or if she or he dies before every child of such deceased member attains the age of 18 years, then the allowance which the surviving spouse would have received had she or he lived, shall be paid to his child or children under said age collectively, to continue until every such child dies or attains said age; provided, that no child shall receive any allowance after marrying or attaining the age of 18 years. *No allowance, however, shall be paid under this section to a surviving spouse unless she or he was married to the member at least one year prior to the date of his retirement.*

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"If at the death of any retired member there is no surviving spouse or minor children eligible for the 60-percent continuance provided in this section, and the total retirement allowance income received by him during his lifetime did not equal or exceed his accumulated normal contributions, his designated beneficiary shall be paid an amount equal to the excess of his accumulated normal contributions over his total retirement allowance income." (Italics added.)

the time of decedent's death, and she claims that under the definition of surviving spouse set forth in the retirement plan there could never have been a surviving spouse other than appellant who was entitled to receive survivor benefits because there could have been no other spouse who had been married to decedent at least one year prior to his retirement.

We have concluded that under the county retirement plan of which decedent was a member there was no provision for designating a former spouse to be a surviving spouse for purposes of receiving benefits under the plan. We further conclude that, as used in Government Code section 31760.1 and in the retirement option selected by decedent at the time he retired, the term "surviving spouse" does not include a former spouse who survives the employee but instead includes only a spouse who is married to the employee at the time of the employee's death.

Prior to 1986, retirement benefits were subject to the judicially created "terminable interest rule" under which " '. . . the nonemployee spouse takes a community share in the retirement benefits while the employee spouse is living [citations], but cannot alienate or devise those benefits [citation], which may be payable to a beneficiary other than the nonemployee spouse at the death of the employee, if so designated by the employee [citation], or to a subsequent spouse who qualifies under the pension plan as the employee's "survivor" or "widow." [Citation.]' (*Chirmside* v. *Board of Administration* (1983) 143 Cal.App.3d 205, 208 . . . ." (*In re Marriage of Carnall* (1989) 216 Cal.App.3d 1010, 1018 [265 Cal.Rptr. 271].)

In *In re Marriage of Becker* (1984) 161 Cal.App.3d 65 [207 Cal.Rptr. 392], this court reversed a trial court order which had directed the Public Employees' Retirement System (PERS) to pay the former wife of decedent public employee a sum equal to one-half of the contributions made by decedent and former wife to the retirement system. (*Id.*, at p. 67.) This court determined that the trial court order "does in effect constitute an order that PERS pay to former wife a portion of the survivor's benefit" and also determined that ". . . that order cannot stand." (*Id.*, at p. 70.) In the exercise of its equitable powers this court did, however, impose a resulting trust, payable to former wife, on a portion of the survivor benefits received by decedent's surviving spouse. (*Id.*, at p. 77.)

The "terminable interest rule" was abolished by the Legislature in 1986 with the enactment of Civil Code section 4800.8 which states, in part, that the "court shall make whatever orders are necessary or appropriate to assure that each party receives his or her full community property share in any retirement plan, whether public or private, including all survivor and death benefits . . . ."

A decision interpreting Civil Code section 4800.8 acknowledged the intent of the Legislature to assure that each spouse receives a full community share of the survivor and death benefits, but also determined that the Legislature did not intend, in enacting section 4800.8, to increase the liability of the retirement system.[2] (*In re Marriage of Carnall, supra*, 216 Cal.App.3d at p. 1023.)

In *Carnall*, the trial court had ordered a county employee retirement association to "designate a nonemployee spouse as the association member's 'surviving spouse' for purposes of receiving survivor and death benefits . . . ." (*In re Marriage of Carnall, supra*, 216 Cal.App.3d at p. 1014.) The appellate court reversed, concluding that ". . . to designate a former spouse as the 'surviving spouse' . . . works a substantial injustice to claimant [retirement plan] which we believe the Legislature did not anticipate or intend when it enacted [Civil Code] section 4800.8." (*Id.*, at p. 1022.)

Appellant has attempted to distinguish *In re Marriage of Carnall, supra*, on the grounds that in *Carnall* the employee spouse had not yet retired so the future obligations of the retirement plan were not fixed and were subject to the possibility that the plan would be required to pay retirement benefits to two "spouses." Appellant contends that those reasons do not apply in the present case since the potential liability of the plan was fixed following the retirement and death of decedent, and that the liability of SBCERA under the result sought by appellant is no more than the result anticipated by the SBCERA at the time of decedent's retirement when decedent and appellant were still married.

We conclude, however, that the result sought by appellant here could potentially increase the liability of SBCERA because following his retirement decedent could have produced children who would have been entitled to receive the survivor benefits until they reached the age of 18. (See Gov. Code, § 31760.1.) Thus, while the liability of SBCERA would not actually be increased under the facts before us, there is the potential for increased liability under the rule advocated by appellant. Under that rule there is a risk that the SBCERA would have an obligation to the former spouse as the "surviving spouse" and also have a statutory obligation to decedent's minor children under Government Code section 31760.1. The court in *In re Marriage of Carnall, supra*, 216 Cal.App.3d 1010, established that the risk of

---

[2]In 1992 the text of Civil Code section 4800.8 was amended to include such limitations. See, for example, Civil Code section 4800.8, subdivision (a)(2), which now states in part: "[N]o court shall order a retirement plan to provide increased benefits determined on the basis of actuarial value. . . ."

See also Civil Code section 4800.8, subdivision (b)(1), which now states: "A court shall not make any order that requires a retirement plan to . . . [¶] (1) Make payments in any manner that will result in an increase in the amount of benefits provided by the plan."

such increased obligation on the part of the retirement plan was impermissible and that rule was subsequently codified in Civil Code section 4800.8. In considering this circumstance one commentator has stated: "[T]rial courts cannot order a retirement plan to designate a former nonmember spouse as the member's 'surviving spouse' for purposes of receiving his or her share of community survivor and death benefits where the plan is contractually obligated to pay death benefits to *other third parties* (a subsequent qualified spouse, member's minor children, etc.). Such an order could *substantially impair the plan's contract* with the member spouse and adversely affect the potential third party statutory entitlements; or, *improperly* require the plan to make payments 'in any manner that will result in an increase in the amount of benefits provided by the plan' (Civ. Code, § 4800.8.)." (2 Hogoboom & King, Cal. Practice Guide: Family Law 1 (The Rutter Group 1993) § 8:270.34, ¶ 8-330, italics in original.)

We have found no cases which directly address the issue before us, nor have we found cases which support appellant's position. Appellant argues that, unlike Government Code section 31760.1, the PERS and the Judges' Retirement Law explicitly define "surviving spouse" to exclude a former spouse, and that the Legislature could have done the same regarding county employees if that had been its intent. (See Gov. Code, §§ 21365.5 & 75077.5.) More persuasive, however, is the fact that there is a federal statute which authorizes the treatment of a former spouse as a surviving spouse if that is specified in a qualified domestic relations order issued in the course of dissolution. (29 U.S.C. § 1056(d)(3)(F).)[3] Had the state Legislature intended to include those in the position of appellant within the definition of "surviving spouse" there existed a model of how to do it.

In the absence of such specific statutory authorization we believe we are bound by the ordinary meaning of "surviving spouse" which would require that the survivor be a spouse, and not a former spouse, at the time of decedent's death. (See, e.g., *In re Marriage of Nice* (1991) 230 Cal.App.3d 444, 446 [281 Cal.Rptr. 415] [pension plan administered by City of Los Angeles Board of Pension Commissioners "does not provide 'survivor benefits' to nonemployee former wife"].)

We hold that the trial court did not err in refusing to order SBCERA to pay survivor benefits to appellant and we affirm.

---

[3]Title 29 United States Code section 1056(d)(3)(F) states, in relevant part: "(F) To the extent provided in any qualified domestic relations order—

"(i) the former spouse of a participant shall be treated as a surviving spouse of such participant for purposes of section 1055 . . . of this title . . . ."

## DISPOSITION

The order appealed from is affirmed. Costs on appeal to be borne by respondent SBCERA.

Dabney, J., and McDaniel, J.,* concurred.

A petition for a rehearing was denied December 7, 1993.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.